ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CENTRO PARA LA RECONSTRUCCIÓN DEL HÁBITAT, INC.<br><br>Recurrente<br><br>v.<br><br>COMITÉ DE EVALUACIÓN Y DISPOSICIÓN DE BIENES INMUEBLE DEL GOBIERNO DE PUERTO RICO<br><br>Recurrido | **KLRA202400344** | *REVISIÓN ADMINISTRATIVA* procedente de Comité de Evaluación y Disposición de Bienes Inmueble del Gobierno de Puerto Rico<br><br>Sobre: Propuesta Descalificada para la Adquisición del Plantel Escolar en Desuso Jesús María Quiñones, San Juan |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y Prats Palerm.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante este foro, el Centro para la Reconstrucción del Hábitat, Inc. (CRH o "parte recurrente") y nos solicitan que revisemos una determinación emitida por el Comité de Evaluación y Disposición de Bienes Inmuebles del Gobierno de Puerto Rico (CEDBI o "parte recurrida") notificada el 29 de abril de 2024. Mediante el referido dictamen, el CEDBI descartó la solicitud de propuesta por falta de cumplimiento con la entrega de la totalidad de documentos requeridos. Además, determinó que no cumplieron con proponer un negocio jurídico aceptado por la reglamentación aplicable.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** el dictamen recurrido.

**I.**

Según surge del expediente, el 7 de febrero de 2024, la Ing. Sylvette M. Vélez Conde (Ing. Vélez), Directora Ejecutiva del CEDBI, le remitió una carta al Sr. Luis Gallardo, Director del CRH, invitándolos a presentar una propuesta en o antes del 25 de marzo de 2024 para el desarrollo y ocupación del plantel escolar en desuso Jesús María Quiñones ubicado en San Juan.[1] Dicho comunicado incluía los requisitos que debían cumplir estrictamente, e indicaba que si había falta de cumplimiento con la entrega de todos los documentos, la solicitud o propuesta sería considerada incompleta, por lo que, la descartarían y/o cancelarían.

Así las cosas, la parte recurrente envió su propuesta del plantel escolar en desuso, *Jesús María Quiñones*, junto con varios documentos.[2]

No obstante, el 29 de abril de 2024, la parte recurrida le informó al CRH que la solicitud para adquirir el plantel escolar en desuso había sido descalificada.[3] Esbozaron que, los documentos sometidos no cumplieron con los requisitos establecidos. En específico, alegaron que no cumplieron con especificar el negocio jurídico, al no completar la *Solicitud de Compra*. Asimismo, indicaron que la parte recurrente interesaba comprar por un dólar ($1.00) el plantel escolar, sería considerado un negocio jurídico de donación o cesión, pero no era un negocio jurídico contemplado por ellos.

---

[1] *RE: Plantel Escolar en Desuso Jesús María Quiñones, en San Juan*, anejo II en el apéndice del recurso.
[2] *Proposal*, anejo III en el apéndice del recurso.
[3] *Interés Plantel Escolar en Desuso Jesús María Quiñones*, en San Juan, anejo IV en el apéndice del recurso.

En desacuerdo, el 14 de mayo de 2024, la parte recurrente presentó una solicitud de reconsideración.[4] Mediante la cual, sostuvieron que entregaron todos los documentos solicitados, y que no entregaron la solicitud de compraventa, únicamente porque de la propia comunicación de CEDBI surgía que no era necesaria presentar una oferta económica en esa etapa del proceso. A su vez, alegaron que no procedía descalificar la propuesta por razón de querer adquirir la propiedad por el precio de un dólar ($1.00). Plantearon que, conforme surge del Reglamento Núm. 9133, no se requiere como condición indispensable para la aprobación de una venta directa un precio igual al justo valor en el mercado.

El 5 de junio de 2024, el CEDBI emitió su determinación respecto a la reconsideración,[5] en la cual reiteró que las instrucciones de la solicitud de propuesta para la adquisición del plantel escolar en desuso establecían puntualmente que de interesar adquirir la propiedad tenían que completar y remitir la forma de solicitud de compra. Así pues, arguyeron que el presentar una oferta económica no equivalía a completar la entrega del formulario. En cuanto al segundo planteamiento, sobre la descalificación por el precio de venta por un dólar ($1.00), establecieron que iba en contra de la protección del principio a la libre competencia, así como al propósito de allegar los mayores recursos posibles al erario. Por ello, determinaron denegar la solicitud de reconsideración.

---

[4] *RE: Solicitud de reconsideración sobre propuesta descalificada para la adquisición del plantel escolar en desuso Jesús María Quiñones, sito en San Juan*, anejo V en el apéndice del recurso.
[5] *Asunto: Respuesta a solicitud de reconsideración a notificación del CEDBI en el Proceso de Solicitud de Propuestas para el plantel escolar en desuso Jesús María Quiñones, en San Juan*, anejo I en el apéndice del recurso.

Aún inconforme, el 27 de junio de 2024, CRH compareció ante este Foro y expuso los siguientes señalamientos de error:

> ERRÓ EL CEDBI AL DESCALIFICAR LA PROPUESTA PRESENTADA POR CRH PARA LA VENTA DIRECTA DEL PLANTEL ESCOLAR EN DESUSO JESÚS MARÍA QUIÑONES SITO EN SAN JUAN POR NO HABERSE ENTREGADO LA SOLICITUD DE COMPRA.
>
> ERRÓ EL CEDBI AL DESCALIFICAR LA PROPUESTA PRESENTADA POR CRH PARA LA VENTA DIRECTA DEL PLANTEL ESCOLAR EN DESUSO JESÚS MARÍA QUIÑONES SITO EN SAN JUAN POR RAZÓN DE QUE SE PROPUSO EL PRECIO DE UN DÓLAR PARA LA ADQUISICIÓN DE LA PROPIEDAD.

El 2 de julio de 2024, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en el Reglamento de este Tribunal para que presentara su alegato.

Así las cosas, el 5 de agosto de 2024, el CEDBI presentó su oposición. A continuación, y con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

La Ley 26 de 29 de abril de 2017, conocida como *Ley de Cumplimiento con el Plan Fiscal*, 3 LPRA sec. 9461 et seq. (Ley Núm. 26-2017) fue creada a los fines de atemperar el marco legal y jurídico existente y dar el más fiel cumplimiento al Plan Fiscal aprobado por la Juna de Supervisión Fiscal. Respecto a la disposición de bienes inmuebles, el referido estatuto establece que la disposición será a base del justo valor en el mercado, debidamente sustentado por un informe de valoración o tasación. La precitada Ley expresa en su Artículo 5.07 que:

> La disposición de bienes inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico

se regirá por un proceso que sea justo y transparente en el que se les brinden las mismas oportunidades a todos los participantes, salvaguardando siempre el interés y bienestar público. En ese tenor, toda disposición debe estar enmarcada en la consecución de los propósitos establecidos en esta Ley, manteniendo un balance entre la necesidad de allegar mayores recursos al estado, fomentar el desarrollo económico, procurar el bienestar de la sociedad y/o crear empleo.

El Comité dispondrá de los bienes inmuebles utilizando como base el justo valor en el mercado a ser determinado mediante el correspondiente procedimiento de evaluación y tasación o velando por la utilización de la propiedad para el beneficio del interés público. El Director Ejecutivo del Comité o su representante podrán fungir como agente autorizado para llevar a cabo cualquier transacción relacionada al título del bien inmueble. 3 LPRA sec. 9506.

**-B-**

El Reglamento Núm. 9133 del 9 de diciembre de 2019, mejor conocido como el *Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico* (Reglamento Núm. 9133-2019), tiene como propósito "establecer un procedimiento eficiente y efectivo, con parámetros uniformes para las disposiciones y transferencias de los bienes inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico." Art. 1 (2) del Reglamento Núm. 9133-2019.

La Parte IV del precitado reglamento establece la disposición de los planteles escolares en desuso. Por ello, dispone que los planteles escolares en desuso se deben dedicar a actividades para el bien común, y/o que promuevan la activación del mercado de bienes inmuebles y/o a economía en general.

El Artículo 13 del Reglamento Núm. 9133-2019, dispone:

a. El Comité podrá autorizar la Disposición de un Plantel Escolar en Desuso, así como

los términos y condiciones a los cual estará sujeta a la disposición.

b. El proceso para la Venta Directa de los Planteles Escolares en Desuso comenzará mediante la presentación de una Solicitud de Compra y una Propuesta, la cual remitirá al correo electrónico CEDBI@aafaf.pr.gov. No se aceptarán solicitudes de compra ni propuestas que no hayan sido remitidas a este correo electrónico.

c. Toda transacción de Venta Directa de un Plantel Escolar en Desuso deberá ser aprobada por el (la) Director(a) Ejecutivo (a) o por el Comité, según sea el caso.

d. El Titular o el Comité dispondrá de los Planteles escolares en Desuso mediante la formalización del Acuerdo Definitivo. El Comité o el (la) Director(a) Ejecutivo(a) evaluará la solicitud de Venta Directa del Plantel Escolar en Desuso utilizando como base el justo valor en el mercado a ser determinado mediante el correspondiente procedimiento de evaluación y tasación comisionada por el Solicitante o por el Comité o su Director(a) Ejecutivo(a), de ser necesario, velando por la utilización de la propiedad para el beneficio del interés público. Por tanto, no se requerirá como condición indispensable para la aprobación de una Venta Directa un precio igual al justo valor en el mercado, según determinado mediante una tasación formal comisionada por el Comité o por el (la) Director(a) Ejecutivo(a), o por el (la) Solicitante, en este último caso, según avalada por un tasador revisor designado por el Comité o el (la) Director(a) Ejecutivo(a). El Comité o su Director(a) Ejecutivo(a) aprobará o denegará la Venta Directa tras el balance de estos dos (2) intereses esbozados por la Ley regido por el siguiente criterio: Menor beneficio para el interés público mayor aproximación del precio al justo valor en el mercado.

[…]

Asimismo, el Artículo 14 del mencionado reglamento, establece que toda persona natural o jurídica o Entidad Gubernamental que interese adquirir un Plantel Escolar en Desuso debe presentar una Solicitud de Compra, así como una Propuesta que detalle el uso que le darían. Añade que, el Comité proveerá un formulario de Solicitud de Compra, el que será necesario para tramitar la

solicitud que reciban, y el cual debe ser completado en todas sus partes, y de recibirlo incompleto lo devolverían al Solicitante. De igual forma, dispone que el (la) Director(a) Ejecutivo(a) del Comité puede requerir documentos e información adicional, que sean necesarios para la evaluación de la solicitud o llevar a cabo a transacción propuesta. No obstante, si la Solicitud de Compra y Propuesta no cumple con los requisitos legales y reglamentarios, el (la) Director(a) Ejecutivo(a), lo notificará en un término no mayor de quince (15) días.

-C-

Es norma conocida que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Por estas razones, dichas determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Oficina de Ética Gubernamental v. Martínez Giraud,* supra; *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta, por ello nuestro Máximo Foro ha enfatizado que no podemos imprimirle un

sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico,* supra, nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> Los tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Torres Rivera v. Policía de Puerto Rico*, supra, pág. 628

Del mismo modo, la Sección 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), estableció el marco de revisión judicial de las agencias administrativas. *Rolón Martínez v. Supte. Policía*, supra. La intervención del tribunal se limita a tres (3) áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. Sec.

4.5 de la LPAU, 3 LPRA sec. 9675. Véase, *además: Oficina de Ética Gubernamental v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, supra; *Nobbe v. Jta. Directores*, supra.

Ahora bien, los tribunales deberán brindarle deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra; *Torres Rivera v. Policía de PR*, supra. Esto, pues nuestro Tribunal Supremo ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.; Oficina de Ética Gubernamental v. Martínez Giraud,* supra.

Finalmente, destacamos que el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Lo anterior ya que la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia. *Íd.*

**III.**

En el caso de autos, la parte recurrente alega, como primer error, que el CEDBI incidió al descalificar su propuesta por no haber entregado la Solicitud de

Compra. Sostienen que, entregaron todos los documentos solicitados y que, si no entregaron la Solicitud de Compraventa, se debía únicamente a que, según la carta, no era necesario presentar una oferta económica en dicha etapa del proceso. Aun así, esbozaron que tenían el documento en completa disposición para entregarlo, y fue la parte recurrida quien no lo solicitó y procedió a descalificar su solicitud.

Por su parte, el CEDBI esboza que su determinación está sustentada en la reglamentación, puesto que, del propio texto del Reglamento surge que el proceso de la Venta Directa de los Planteles Escolares en Desuso comenzaría con la presentación de una Solicitud de Compra y una Propuesta. Asimismo, aducen que, aunque no requirieron una oferta económica para la venta de la propiedad, eso no impedía a la parte interesada de tener que cumplir con los procesos provistos para ese tipo de transacción.

En cuanto al segundo planteamiento de error, CRH alega que incidió el CEDBI al descalificar o denegar su solicitud por razón de querer adquirir el Plantel Escolar en Desuso por el precio de un dólar ($1.00). Arguyen que, según el Artículo 13(d) del Reglamento Núm. 9133, *supra*, éste no requiere como condición indispensable para la aprobación de una venta directa, un precio igual al justo valor en el mercado. A su vez, alegan que el CEDBI debió tomar en cuenta varios aspectos, entre ellos: el nivel de inversión para las mejoras y el número de empleos que se generaría. Por ello, reiteran que una disposición por debajo de tasación está justificada si es en beneficio del bienestar e interés público.

La parte recurrida aduce que el interés del CRH en adquirir el Plantel Escolar en Desuso por un dólar ($1.00) promueve una donación o cesión de propiedad, en lugar de una venta. Asimismo, reiteran que el Reglamento Núm. 9133-2019, no contempla un escenario de donación o cesión para propósitos de un negocio jurídico para ocupar o desarrollar una propiedad a través de un proceso de solicitud de propuestas. Añadieron que, de tomar en consideración dicha oferta económica, no estaría acorde con el principio de libre competencia y el de allegar mayores fondos al erario.

Conforme al derecho discutido anteriormente, para que una personal natural o jurídica pueda adquirir mediante Venta Directa un Plantel Escolar en Desuso, deberá presentar una Solicitud de Compra y una Propuesta, la cual detallará el uso que proponen brindarle. Asimismo, la Solicitud de Compra debe ser cumplimentada en todas sus partes, y de estar incompleta, el Comité la devolverá.

En el caso de autos, la parte recurrente nunca entregó la Solicitud de Compra, por lo que, incumplió con uno de los requisitos para formalizar la solicitud y propuesta para adquirir el plantel escolar en controversia.

En cuanto al segundo error presentado por CRH, tanto la Ley Núm. 26-2017, *supra*, como el Reglamento Núm. 9133-2019, *supra*, establecen que el CEDBI dispondrá de los bienes inmuebles utilizando como base el justo valor en el mercado a ser determinado mediante el correspondiente procedimiento de evaluación y tasación o velando por la utilización de la propiedad para el beneficio del interés público. A su vez, el Reglamento

Núm. 9133-2019, *supra*, dispone que no es indispensable para la aprobación de una Venta Directa un precio igual al justo valor en el mercado, pero, a su vez, deberán tomar en consideración el criterio del menor beneficio para el interés público mayor aproximación del precio al justo valor en el mercado.

Surge del expediente que CRH presentó su propuesta de adquisición del plantel escolar en desuso por el precio de un dólar ($1.00). Sin embargo, dicho valor aparenta ser una propuesta de donación o cesión, y el precitado reglamento no las contempla como opciones para adquirir un plantel escolar en desuso a través del proceso de solicitud de propuestas. Así pues, la propuesta de la parte recurrente incumple con los requisitos que requieren las disposiciones legales.

Por lo que, concluimos que el CEDBI no cometió ninguno de los errores imputados, y la decisión respecto a la denegatoria de la solicitud del DRH fue conforme a derecho.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones